IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STANLEY HAPPOLD,

Petitioner/Defendant,

vs.                                         Civil No. 12-150-DRH
                                                         Criminal No. 05-40077-GPM

UNITED STATES,

Respondent/Plaintiff.

# MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on petitioner/defendant Stanley Happold's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).[1] Under Rule 4(b) of the RULES GOVERNING § 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, a judge receiving a § 2255 motion must conduct a preliminary review and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." A preliminary review of Happold's petition shows that it must be dismissed.

On January 23, 2006, Happold entered an open plea of guilty to one count of

---

[1] The Court notes that pursuant to Administrative Order No. 154, this case was reassigned to the undersigned Chief Judge, in light of District Judge G. Patrick Murphy's retirement.

transporting and shipping child pornography by use of a computer, and one count of possession of a computer containing images child pornography. *See United States v. Happold*, S.D. Ill., Criminal Case. No. 05-40077-GPM (Doc. 14). Happold was sentenced on April 28, 2006 to a total of 300 months imprisonment. (*Id.* at Doc. 16). Judgment was not entered on the docket until May 8, 2006 (*Id.* at Doc. 19). An amended judgment was entered on June 7, 2006 to correct a clerical error (*Id.* at Doc. 21). Happold did not file a notice of appeal.

On April 18, 2011, almost five years after he was sentenced, Happold filed a pro se "Motion to Reopen 28 USC 2255 Proceedings Under the Authority of the Savings Clause and Treate [sic] as a 28 USC 2241 Proceeding" (*Id.* at Doc. 25). However, on April 28, 2011, the motion was denied because no § 2255 motion had ever been filed, and therefore, it was impossible to "reopen" it (*See Id.* at Doc. 26). Happold appealed the order denying his motion (*Id.* at Doc. 27). On appeal, he claimed that he handed his § 2255 motion to a prison guard during the spring of 2007, and he is entitled to the benefit of the "mailbox rule" (*Id.* at Doc. 35). The Seventh Circuit Court of Appeals rejected Happold's argument and affirmed the denial of his motion to reopen (*Id.* at Doc. 35).

Shortly thereafter, on February 21, 2012, Happold filed the instant § 2255 motion (Doc. 1). The government has not been ordered to file a response to Happold's § 2255 motion. Pursuant to 28 U.S.C. § 2255 and Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS, the

Court has reviewed Happold's filing to determine whether he might be entitled to relief. For procedural reasons, the Court determines that he is not. 28 U.S.C. § 2255(f) imposes a one year period of limitations upon the filing of a motion attacking a sentence imposed under federal law. Here, judgment was entered May 8, 2006. Happold did not appeal his conviction. Thus, as his judgment was entered in 2006, it became final 10 days after it was entered, when the deadline to file a notice of appeal expired. 28 U.S.C. § 2255(f); FED. R. APP. P. 4(b)(1)(A) (2006) (amended 2009).[2] However, Happold's § 2255 motion was not filed until February 21, 2012, over six years after his period of limitations expired.

Happold asserts that his § 2255 motion was timely because he submitted it to

---

[2] The amended judgment did not restart the one-year limitation period of § 2255 because it merely corrected a clerical error and Happold's original conviction and sentence was left intact. Although there does not appear to be a Seventh Circuit case directly stating this proposition, it can be inferred from other Seventh Circuit case law. *See Am. Fed'n of Grain Millers, Local 24 v. Cargill Inc.*, 15 F.3d 726, 728 (7th Cir. 1994) (holding a motion to correct clerical error in judgment does not restart or toll time for filing notice of appeal). Moreover, other courts that have addressed this narrow issue appear to have uniformly held that when a court corrects a clerical error in a criminal judgment, the one-year limitations period does not begin anew when the court corrects the clerical error. *United States v. Dodson,* 291 F.3d 268, 275 (4th Cir. 2002) (§2255 limitations period does not begin anew when "appellate court . . . remands for a ministerial purpose that could not result in a valid second appeal"); *United States v. Greer,* 79 F. App'x. 974 (9th Cir. 2003) (unpublished) (amended judgment which merely corrected a clerical mistake in the original written judgment to clarify the terms of the sentence as orally pronounced at the sentencing hearing did not restart § 2255's limitation period); *McCradic v. Pollard*, Case No. 11-C-182, 2011 WL 3736939, at *2 (E.D. Wis. Aug. 24, 2011) (Griesbach, J.) (amended judgment which corrected clerical error did not trigger new one-year time period to file § 2254 petition); *Martin v. Province,* Case No. 10-cv-648, 2010 WL 5093403, at *2 n. 2 (N.D. Okla. Dec. 8, 2010) (Kern, J.) (same); *Perry v. United States,* Case No. 1:09cv1101, 2010 WL 431333, at *3 (W.D. Mich. Jan. 27, 2010) (Jonker, J.) (amended judgment clarifying precise amount of restitution was not "operative judgment" for purposes of one-year limitation period for filing § 2255 motion); *United States v. Gericke,* Case No. 4:09CR3176, 2007 WL 1291098, at *3 n. 2 (D. Neb. Mar. 21, 2007) (Urbom, J.) (second amended judgment, which corrected clerical mistake in first amended judgment, did not restart § 2255 clock).

prison officials to be mailed to the Court, and under the "mailbox rule," the date on which he gave it to prison officials—March 10, 2007—is the date on which it was filed (Doc. 1). In other words, Happold wants the Court to treat the instant § 2255 motion as though it were filed in March 2007.

The "mailbox rule" is Rule 3(d) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. Rule 3(d) provides that "a paper filed by an inmate confined in an institution is timely if he deposited in the institution's internal mailing system on or before the last day for filing." The Seventh Circuit has held that in order to receive the benefit of the mailbox rule in cases where the pro se prisoner's post-conviction motion is not received by the court, the prisoner must submit a sworn statement and some evidence to support his claim that he timely delivered the filing to a prison official. *Ray v. Clements*, 700 F.3d 993, 1012 (7th Cir. 2012).[3] "The prisoner's sworn declaration should identify the who, what, when, where, how, and why of his alleged delivery to a prison official." *Id.* at 1011. Furthermore, the prisoner must submit some other

---

[3] Even before the Seventh Circuit's opinion in *Ray v. Clements*, district courts in the Circuit typically treated the "lost mail claim" as an issue of equitable tolling requiring the prisoner to prove an equitable exception to the timeliness rule. *Cooper v. United States*, Case No. 09-162-DRH, 2012 WL 996947, at *6 (S.D. Ill. Mar. 23, 2012) (Herndon, J.) (concluding prisoner's § 2255 motion was timely filed under the mailbox rule based on prisoner's declaration and certified mail receipt and prison mail log corroborating the declaration); *Flores-Torres v. United States*, 11-CV-1223, 2011 WL 2461336 (C.D. Ill. June 21, 2011) (McDade, J.) (no reasonable basis for finding post-conviction motion was timely filed under the mailbox rule when prisoner's conclusory assertion that submitted his motion to prison authorities was unsupported by an affidavit, and he did not even specify on what date he allegedly gave his petition to prison officials); *Johnson v. U.S.*, Case No. 10-CV-341, 2010 WL 2490694, at *3 (E.D. Wis. June 17, 2010) (Stadtmueller, J.) ("As a general rule, the 'they lost my mail argument' typically will not succeed, for filing deadlines would become meaningless if a mere affidavit stating that a motion was timely filed, but was evidently lost in the mail, was all that was needed to excuse an untimely filing.")

corroborating evidence, testimonial or documentary, such as copies of the filing, postmarked envelope, or other correspondence. *Id.* at 1011–12.

In this instance, Happold stated that he handed his § 2255 motion to prison officials on March 10, 2007 (Doc. 2). However, this statement comes on the first page of his brief, and not in the form of a sworn affidavit or declaration. Happold also failed to provide sufficient facts to allow the Court to draw the logical conclusion that he filed his motion within the one-year limitations period. For example, he does not name the prison official to whom he allegedly gave the motion; he does not state where he was in the prison or what time of day it was when he allegedly submitted the motion; he does not say how prisoners typically send mail; and he does not say if he affixed proper postage to the motion. Furthermore, Happold did not provide any evidence to the Court to corroborate his statement that he handed his § 2255 motion to a prison official on March 10, 2007. Put simply, Happold failed to meet his burden of coming forward with some evidence to support his claim that his motion was timely filed with the benefit of the mailbox rule. Consequently, in the absence of any reasonable basis to find that the motion was timely filed within the limitations period, the Court finds Happold's § 2255 motion untimely and the Court is without jurisdiction to consider it.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final

order adverse to the applicant." A habeas petitioner does not have an absolute right to appeal a district court's denial of his habeas petition; he may appeal only those issues for which a certificate of appealability have been granted. *See Sandoval v. United States,* 574 F.3d 847, 852 (7th Cir. 2009). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Where a district court denies a habeas petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485.

Reasonable jurists could not debate that the petition should have been resolved in a different manner. Reasonable jurists would not debate that the petition does not state a valid claim of the denial of a constitutional right, nor would they debate that the petition is untimely. Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

## CONCLUSION

For the aforementioned reasons, petitioner Stanley Happold's motion pursuant to 28 U.S.C. § 2255 is **DENIED**. This action is **DISMISSED with prejudice**, and judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Signed this 10th day of December, 2013.

David R. Herndon
2013.12.10
05:24:03 -06'00'

**Chief Judge**
**U.S. District Court**